# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT
## AUSTIN DIVISION

Civil Action No. ___A03CA 267SS___

**Ashley G, Walden and**
**Jim L. Walden**

**Plaintiffs**

**v.**

**Rex G. Baker III, in his individual and official capacity;**
**COUNTY OF HAYS; DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT;**
**Greg Jung, in his individual and official capacity, and**
**Stuart Foreman, in his individual and official capacity,**

**Defendants**

---

## COMPLAINT AND CLAIM FOR DAMAGES

---

COME NOW plaintiffs Ashley G. Walden and Jim L. Walden, who for their complaint state as follows:

### Preliminary Statement

1.     Plaintiffs Ashley G. Walden and Jim L. Walden, in the interest of Ashley G. Walden commence this action pursuant to 42 U.S.C. Sec. 1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws.

2.     Specifically, plaintiff Ashley G. Walden states that she has been wrongfully

arrested,    incarcerated,    denied   access   to counsel, libeled, suffered discrimination, and subjected to invasion of privacy in violation of rights guaranteed her by the First, Fourth, Sixth, and Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

3.        Plaintiff Ashley G. Walden also asserts pendent claims based on the torts of false arrest, false imprisonment, libel, conspiracy and invasive procedures not prescribed by law.

4.        Plaintiff Ashley G. Walden, and  Jim L. Walden, in the interest of Ashley G. Walden, seek compensatory damages, punitive damages,  and a reasonable attorney's fee as authorized by 42 U.S.C. Sec. 1988.

## Jurisdiction and Venue

5.        Jurisdiction for plaintiffs' claims for which redress is provided by 42 U.S.C. Sec. 1983 is conferred on this court by 28 U.S.C.  Sec.  1343(3).   Federal question jurisdiction is conferred on this court by 26 U.S.C.  Sec.  1331,  because this action arises under the Constitution of the United States and involves diversity of citizenship.    Texas is not a state as States are defined in Title 21 of the U.S. Code.

## Parties

### Plaintiffs

6.        Ashley G. Walden is, and was at all times relevant hereto, a child on the soil of Texas.

7.        Jim L. Walden is, and was at all times relevant thereto, the father of Ashley G. Walden and a man on the soil of Texas.

### Defendants

8.        Rex G. Baker III, is and was at all times relevant hereto, a Justice of the Peace, Precinct 4, Hays County Texas and a U.S. Citizen.  It is the responsibility  of   defendant

BAKER to promulgate and implement policies and procedures to insure that citizens are not subjected to arrest and incarceration, except in accordance with minimum constitutional requirements; that defendants be advised of their rights, especially right to assistance of counsel; and that citizens otherwise be treated in accordance with constitutional and statutory requirements. He is also the person primarily responsible to insure that all defendants who come before him are adjudicated in accordance with minimum constitutional and statutory requirements.

9.      COUNTY OF HAYS is and was at all times relevant hereto a political subdivision of the STATE OF TEXAS. It is the responsibility of defendant COUNTY OF HAYS, by and through its Justice of the Peace precincts, to promulgate and implement policies and procedures to insure that citizens are not subjected to arrest and incarceration, except in accordance with minimum constitutional requirements; that suspects be advised of their rights and be permitted to promptly contact counsel; and that citizens otherwise be treated in accordance with constitutional and statutory requirements.

10.      DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT is and was at all times relevant hereto, a political subdivision of the State of Texas. It is the responsibility of defendant DSISD to promulgate and implement policies and procedures to insure that students are not subjected to harassment, embarrassment and libel, and that proper training is given to its employees and that the laws as promulgated by the Texas Legislature, as they pertain to Texas schools are implemented and properly enforced.

11.      Greg Jung is and was at all time relevant hereto, principal of Dripping Springs high school. It is the responsibility of JUNG to obey policies and procedures to insure that students are not subjected to harassment, discrimination, embarrassment and libel, to instruct his

employees in proper training to that end, and to obey the laws as promulgated by the Texas Legislature, as they pertain to Texas schools.   Ashley G. Walden occupies the position of catcher for the Dripping Springs high school softball team. She and her family have been visited by scouts for college teams.  On or about April 21, 2003, she was notified she could no longer play on the team.   She was also told she could not attend her senior prom.  Although she has seen no evidence, and it is not in the school code, Ashley was told she had failed a drug test which had been ordered by BAKER.  It is Ashley's understanding that JUNG called BAKER to ascertain the results of a drug test and was told the test was positive. JUNG and BAKER conspired to punish Ashley.   Based on rumor and innuendo, JUNG, in conspiracy with BAKER, has subjected Ashley to ridicule, harassment, summarily stripped her of designations she fought hard to win or was awarded, such as designation of "Most Beautiful", a member possible loss of a college scholarship, and blackened and libeled Ashley's good name and reputation.

12.    Stuart Foreman is and was at all times relevant hereto, assistant principal of Dripping Springs high school and for purposes of this suit, occupied the position of "attendance counselor".  It is the responsibility of FOREMAN to obey policies and procedures to insure that students are not subjected to harassment, to receive proper training to that end, and to obey the laws as promulgated by the Texas Legislature, as they pertain to Texas schools.

13.    All individual defendants are sued in both their individual and Official capacities.   All  defendants  are residents of Hays County, Texas.

<u>Facts</u>

14.    On September 1, 2001, an enrolled bill, SB1432, authored by Senator Royce West, became effective.  This Act dealt with truancy in Texas schools.  The Act specified that if any student enrolled in public schools was truant for more than ten days or parts of days in a six

month period, the child and its parents would be subject to non jailable prosecution and a $500 fine in a municipal or justice of the peace court. Certain conditions were imposed on attendance officers in SB1432, which were reflected in Education Code Chapter 25. Namely, an attendance officer must (Sec. 25.091(2)(5), maintain an investigative record on each compulsory school attendance requirement violation and related court action.......(and on request)....provide a record to the individual or entity requesting the record. 25.091(7)(1), investigate each case of a violation of the compulsory school attendance requirements referred to the attendance officer. An offense under this section is a Class C misdemeanor.   A Class C misdemeanor in Texas is punishable under Texas Penal Code §12.23 by no confinement and a maximum of a $500.00 fine.

15.    On or about November 15, 2002, FOREMAN swore to statements laid out in a Probable Cause Affidavit for Failure to Attend School, a copy of which is attached hereto and incorporated herein as Exhibit 1.   FOREMAN attested that his statement is based upon information contained in the attached School Referral Form. , which he prepared and knows to be true and correct.  FOREMAN further, on or about November 14, 2002 signed a COMPLAINT – FAILURE TO ATTEND SCHOOL, which is attached hereto and incorporated herein as Exhibit 2. FOREMAN did not investigate each violation of truancy as prescribed by statute, thus violating his obligation to uphold due process as prescribed by the Texas Legislature.  The attendance file of Ashley G. Walden contains no evidence that FOREMAN or anyone else investigated the alleged acts of truancy, which were in fact mostly tardys,  to prove their accuracy.  The attendance file of Ashley G. Walden does not reflect ten unexcused absences, the basis of the complaint. FOREMAN attested to false testimony in order to obtain a conviction for truancy which Ashley G. Warden did not commit.  FOREMAN knew or should have known

Ashley G. Walden would suffer grave and serious injuries if she was charged with offenses which were not true.

16.     On or about December 2, 2002, Ashley G. Walden appeared before BAKER, Justice of the Peace, Precinct 4, Hays County.   BAKER found Walden guilty of the offense of one count of Truancy.  In a DEFERRED DISPOSITION ORDER, BAKER sentenced Ashley, inter alia,  to  20 hours of community service, ordered her to complete various drug and alcohol abuse programs and various counseling programs.

17.     BAKER further suspended Ashley's driver license pursuant to Texas Family Code § 54.042.  Texas Family Code § 54.042 states that a juvenile court may suspend a child's driver license if the child has violated § 521.342(a) or §521.372(a),  Transportation Code. BAKER knew or should have known that he is not a judge in a juvenile court, he had no jurisdiction over Ashley's driver license and Ashley had no charge of violating the foregoing statutes.   BAKER, in violation of unlawful search and seizure, had no jurisdiction to so order suspension of Ashley's license.

18.     BAKER ordered other conditions not prescribed by Art. 45.054. Failure to Attend School Proceedings, in violation of punishment allowed under 45.054, including arriving at school accompanied by parents and being walked to appropriate classroom, abide by a 6:00 p.m. to 6:00 a.m. curfew, submit to blood screening or other test for use of illegal drugs/alcohol, submit to drug assessment on date requested by the Court with report furnished to court, sign required medical releases for reports to be furnished to the Court, and other orders not promulgated under Art. 45.054..  BAKER knew or should have known the limitations of the punishments allowed under Art. 45.054.

19.     BAKER fined Ashley, fine to be conditionally deferred, $10,500.00, a fine more

than twenty times the amount allowed by law. BAKER should have known he was violating the Eighth amendment of the U.S. Constitution. The imposition of such an egregious and frivolous fine goes far beyond excessive fines imposed and cruel and unusual punishment.

20.     BAKER knew or should have known that his is a court of no record and can not mete out bills of pains and penalties. His is an administrative court of a political subdivision, not a judicial court and he has no authority to impose such punishment on a child.

21.     BAKER ordered Ashley to submit to drug testing, an invasive procedure in violation of Ashley's right to be secure in her person against unreasonable searches and seizures. Ashley was not in front of BAKER on a drug charge of any kind and BAKER's jurisdiction is limited to guidelines promulgated by the Texas Legislature. BAKER is not a law maker and can not make new law in his court. BAKER, at no time, advised Ashley of her right to assistance of counsel. Although treating her as a criminal, BAKER, at no time, advised Ashley, a child, of her rights under the Miranda decision, further violations of the rights he must uphold.

22.     Although on December 2, 2002, BAKER had given Ashley deferred disposition until May 31, 2003, Exhibit 3, attached hereto and incorporated herein, on or about December 10, 2002, BAKER signed a CONFINEMENT ORDER, attached hereto and incorporated herein, Exhibit 4, for non payment of fines. BAKER ordered Ashley, a child, incarcerated in the Hays County jail for a period of two days. The Hays County jail is not a juvenile facility and BAKER knew or should have known he could not incarcerate a child in an adult facility, he had no jurisdiction to jail her and he was in violation of her right to trial by jury and assistance of counsel if the offense was one for which she could be jailed. BAKER was in violation of his limited jurisdiction, if indeed he ever had any, he imposed cruel and unusual punishment and imposed excessive fines, all in violation of the Eighth amendment.

23.    The Texas Constitution, Article 5, Section 12, specifies that only an information or indictment vests the court with jurisdiction.  BAKER was presented with neither information nor indictment in the case at bar, he had no jurisdiction and his orders are void.  BAKER knew or should have known he had no jurisdiction.

24.    No defendant can be sentenced to jail without assistance of counsel.  *Argersinger v. Hamlin*, 407 U.S. 25 (1972).  The wrongful arrest, incarceration, denial of access to counsel, and invasion of privacy, as set out above to which plaintiff was subjected, were done in accordance with the actual policies and procedures commonly used by HAYS COUNTY and DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT and were done in accordance with the actual policies and procedures commonly used by defendant BAKER.  Further, defendants DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT, COUNTY OF HAYS and BAKER had the duty and ability to prevent the outrageous conduct set out above, but failed to do so in conscious disregard of plaintiff Ashley G. Walden's rights.

25.    Defendants DSISD and COUNTY OF HAYS breached their collective duty to provide proper supervision and training.

26.    Defendants JUNG and FOREMAN refused and failed to investigate, as was their duty,  any alleged incidents of truancy which directly led to the false charges which brought Ashley before BAKER.

27.    Plaintiffs state, on information and belief, that judicial misconduct similar to that which occurred in the case at bar, together with other misconduct, is an abuse of power and a common occurrence in BAKER's  justice of the peace court.

28.    Defendants' acts, omissions, policies, procedures and practice, as set out above, are the direct and proximate cause of substantial damages to plaintiff.  The damages include loss

of liberty, constitutional deprivation of liberty by being subjected to improper imprisonment and punishment, humiliation, libel, serious mental pain and suffering, and the deprivation of other constitutional rights.

29.     All defendants' acts and omissions complained of herein were performed in their official capacities and as the duly authorized agents of HAYS COUNTY and DSISD, although much of the conduct complained of herein is beyond the proper and lawful exercise of their responsibilities.  Finally, all defendants, at all times relevant hereto, have acted and failed to act in conscious disregard of and with deliberate indifference to the rights of these plaintiffs.

<u>Causes of Action</u>

First Cause of Action

30.     The facts as set out above amount to the wrongful deprivation of liberty in violation of the Fourteenth Amendment to the United States Constitution, for which redress is provided by 42 U.S.C. Sec. 1983.

<u>Second Cause of Action</u>

31.     The facts as set out above amount to an unreasonable search and seizure in violation of rights guaranteed plaintiff by the Fourth Amendment to the United States Constitution made applicable to these defendants by the Fourteenth Amendment to the United States Constitution.

<u>Third Cause of Action</u>

32.     The facts as set out above amount to the wrongful invasion of plaintiff's privacy in violation of the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution made applicable to these defendants by the Fourteenth Amendment to the United States Constitution.

## Fourth Cause of Action

33.    The facts as set out above amount to the wrongful denial of counsel in violation of the Sixth Amendment to the United States Constitution made applicable to these defendants by the Fourteenth Amendment to the United States Constitution.

## Fifth Cause of Action

34.    The facts as set out above give rise to state law claims based on false arrest, false imprisonment, libel, discrimination and the intentional infliction of severe emotional distress.

## Sixth Cause of Action

35.    Pleading in the alternative, plaintiffs allege that Ashley's arrest and imprisonment by defendant BAKER resulted from negligent conduct on behalf of said defendant in violation of the Texas Tort Claims Act which constituted the proximate cause of injuries to the plaintiff. In accordance therewith, plaintiff respectfully requests the court to exercise its pendent jurisdiction to entertain this related State law cause of action.

28.    Plaintiffs demand a trial by jury.


WHEREFORE, plaintiffs pray that this Honorable Court:

A.    Enter a judgment in behalf of plaintiffs Ashley G. Walden and Jim L. Walden against all of the defendants, jointly and severally, in the amount of ONE HUNDRED ($100.000.00) compensatory damages.

B.    Grant judgment of punitive damages in behalf of plaintiff Ashley G. Walden against defendant FOREMAN, separately, in the amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00); and against defendant BAKER, separately, in the amount of TWO

HUNDRED THOUSAND AND NO/l00 DOLLARS ($200.000.00)

C.    Grant judgment in behalf of plaintiffs Ashley G. Walden and Jim L. Walden.

D.    Grant plaintiff a reasonable attorney's fee as authorized by 42 U.S.C. Sec. 1988.

E.    Grant a trial by jury.

F.    Grant any and all additional relief to which plaintiffs may appear to be entitled.

G.    Enter a temporary restraining order and subsequent thereto a preliminary injunction enjoining the defendants from depriving Ashley G. Walden of any school rights or privileges, including but not limited to, the right to resume her position as catcher for the Dripping Springs high school softball team and engage in any and all extracurricular activities of her choice.

Respectfully submitted,

_Ashley G. Walden_

Jim L. Walden
1100 Woods Loop
Driftwood, Texas 78619
(512) 894-0999

CAUSE #CR_02 0295_ J4

| STATE OF TEXAS | § | IN THE JUSTICE COURT |
| VS. | § | PRECINCT FOUR |
| _Ashley Walden_ | § | HAYS COUNTY, TEXAS |

## PROBABLE CAUSE AFFIDAVIT
## FAILURE TO ATTEND SCHOOL

The understanding Affiant, who after being duly sworn by me, on oath, makes the following statement:

I, the undersigned Affiant, am duly employed by Dripping Springs Independent School District, and am charged with duties of attendance office,  Affiant is also responsible for compliance with state laws regulating compulsory school attendance by students residing with the above-named school district.

_November_ I have good reason to believe and do believe that _Ashley Walden_ on or about the _November 19, 2002,_ did commit the offense of Failure to Attend School for each and every day.

. My belief of the foregoing statement is based upon the information contained in the attached School Referral Form, which I prepared and know to be true and correct.  Affiant has examined the records of the school district, which reflect that the above-named Defendant is a child within compulsory school attendance age who is required to attend school under Section 25.085 of the Texas Education Code.  The Defendant resides with the District and is regularly enrolled at a school within the District. The child has failed to attend school for:

____ three or more days, or parts of days, within a four week period; or

__X__ ten or more days, or parts of days, within a six month period, and no reason for the absences has been provided to the District by the parent or person standing in parental relation to the Defendant and the absences are unexcused. (See Attached)

_____
Affiant

Sworn to and Subscribed before me by _Stuart Foreman_, a credible person, on this _14th_ day of _November_, 20_02_.

_____
Judge/Notary Public/Justice Clerk

On this the _15_ day of _Nov_____, 200_2_, I hereby acknowledge I have examined the foregoing affidavit and have determined that probable cause exists for the issuance of an arrest warrant for the individuals accused therein.

_____
Magistrate, Hays County, Texas

CAUSE #CR*02-0895* J4

## COMPLAINT
### FAILURE TO ATTEND SCHOOL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HAYS | § |

In the Name and by the Authority of the State of Texas

I, *Stuart Foreman* being duly sworn, do state upon my oath that I have good reason to believe based on personal knowledge and the school records, and do believe and charge.

That *Ashley Woldert* (hereinafter "the Child) is a Child in the State of Texas at least six years of age who has previously been enrolled in first grade, and who has not completed the academic year in which the Child's seventeenth birthday has occurred, and who is, and at all relevant time was, within the compulsory school attendance and not lawfully exempt or properly excused from school attendance;

That on or about *November 14*, 2*002* before the making or filing of this complaint in Hays County, Texas, the Defendant did then and there voluntarily fail to attend school,

_____X_____ for ten or more days or parts of days in a six month period ( See Attached)

_____ for three or more days or parts of days in a four week period, as required by law without excuse as provided in Section 25.087 of the Texas Education Code.

Against the Peace and Dignity of the State.

_____
Complaint

Sworn to and Subscribed before me by *Stuart Foreman* a credible person, on this 14th day of *November*, 2002

_____
Notary Public/Justice Clerk
Hays County, Texas

00.0710-010004                          Day Summary(Morning Report).                                    PAGE:

**WALDEN, ASHLEY G.**          **GRD:12**
**SCHOOL:001   CALENDAR:001   HM ROOM:N/A      ADVISOR:GODWIN C**

| DATE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | NT |
|------|---|---|---|---|---|---|---|----|
| '21/02 Wed. |  |  | U- | U- |  |  |  | Y |
| '30/02 Fri. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| '05/02 Thu. | U- |  |  |  |  |  |  | N |
| '06/02 Fri. |  |  |  | U- | U- |  |  | N |
| '10/02 Tue. |  |  |  | X- |  |  |  | N |
| '17/02 Tue. | D- | D- | U- |  |  |  |  | N |
| '18/02 Wed. |  |  |  | T- |  |  |  | N |
| '20/02 Fri. | U- |  |  |  |  |  |  | N |
| '25/02 Wed. |  |  |  | T- |  |  |  | N |
| '26/02 Thu. |  |  |  |  | A-IL | A-IL | A-IL | N |
| '27/02 Fri. | U- |  |  |  |  |  |  | N |
| '30/02 Mon. | T- |  |  | U- |  |  |  | N |
| '02/02 Wed. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| '07/02 Mon. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| '08/02 Tue. | A-IL |  |  |  |  |  |  | N |
| '10/02 Thu. |  | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| '11/02 Fri. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| '17/02 Thu. |  | X- |  |  |  |  |  | N |
| '24/02 Thu. |  |  | X- |  |  |  |  | N |
| '25/02 Fri. | U- | U- | U- | U- |  |  |  | N |
| '29/02 Tue. | T- |  |  |  |  |  |  | N |
| '01/02 Fri. |  |  |  | A-IL | A-IL | A-IL | A-IL | N |
| '08/02 Fri. | U- | U- | U- | U- | U- | U- | U- | N |
| '12/02 Tue. |  |  |  | X- |  |  |  | N |
| '13/02 Wed. |  |  |  |  |  | U- |  | N |
| '14/02 Thu. | U- |  |  |  |  |  |  | N |
| '19/02 Tue. | B-EX | B-EX | B-EX | U- | U- | U- | U- | Y |
| '22/02 Fri. | I- | I- | I- | I- | X- |  |  | N |
| '02/02 Mon. | U- |  |  |  |  |  |  | N |

****************** End of report ******************

21
—
5
$ 10,5

TARDY
ABSENCE
UNEXCUSED
A-IL - ABSENCE/ILL

.00.0710-010004   Day Summary(Morning Report)   PAGE

WALDEN, ASHLEY G.          GRD:12
SCHOOL:001  CALENDAR:001  HM ROOM:N/A    ADVISOR:GODWIN C

| S. DATE | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | NT |
|---------|---|---|---|---|---|---|---|---|----|
| /21/02 | Wed. | | | U- | U- | | | | Y |
| /30/02 | Fri. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| /05/02 | Thu. | U- | | | | | | | N |
| /06/02 | Fri. | | | | U- | U- | | | N |
| /10/02 | Tue. | | | | X- | | | | N |
| /17/02 | Tue. | D- | D- | U- | | | | | N |
| /18/02 | Wed. | | | | T- | | | | N |
| /20/02 | Fri. | U- | | | | | | | N |
| /25/02 | Wed. | | | | T- | | | | N |
| /26/02 | Thu. | | | | | A-IL | A-IL | A-IL | N |
| /27/02 | Fri. | U- | | | | | | | N |
| /30/02 | Mon. | T- | | | U- | | | | N |
| /02/02 | Wed. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| /07/02 | Mon. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| /08/02 | Tue. | A-IL | | | | | | | N |
| /10/02 | Thu. | | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| /11/02 | Fri. | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | A-IL | N |
| /17/02 | Thu. | | X- | | | | | | N |
| /24/02 | Thu. | | | X- | | | | | N |
| /25/02 | Fri. | U- | U- | U- | U- | | | | N |
| /29/02 | Tue. | T- | | | | | | | N |
| /01/02 | Fri. | | | | A-IL | A-IL | A-IL | A-IL | N |
| /08/02 | Fri. | U- | U- | U- | U- | U- | U- | U- | N |
| /13/02 | Wed. | | | | | | U- | | N |
| /14/02 | Thu. | U- | | | | | | | N |

************End of report************

11/12/02       4th period truant

CAUSE NO. CR 02-0295 J4

| THE STATE OF TEXAS | § | IN THE JUSTICE COURT |
| | § | |
| VS. | § | PRECINCT 4 |
| | § | |
| Ashley G. Walden | § | HAYS COUNTY, TEXAS |

## DEFERRED DISPOSITION ORDER

The Court orders that the defendant _Ashley G. Walden_ ("Defendant") is guilty of the offense of Failure to Attend School and that his/her punishment has been set as a fine of $ _10,000.__ and Suspension of Drivers License until age 19.

Under the authority of Article 45.54, Texas Code of Criminal Procedure, the Court orders that the finding of guilty shall not be final and that no judgment be rendered thereon, but the imposition of the fine is suspended until _May 31, 2002_, provided that Defendant complies with the Court's order as set forth below and pays an administrative cost of $100.00 at the time of successful completion with the Court's order.

During the term of suspension and to ensure compliance with the Compulsory Attendance Act, Defendant will:

_∧_    1.    Commit no offense against the laws of this State of any subdivision thereof, or any other State, or of the United States;

_∧_    2.    Avoid persons or places of disreputable or harmful character (except when actually attending counseling or treatment), including the following: (1) drug or narcotic users, (2) person on Juvenile Probation or Parole from the Texas Youth Commission or any juvenile institution, (3) persons on adult probation or parole from the Texas Department of Criminal Justice of any adult penal institution, (4) other persons to wit: _____;

_X_    3.    Attend each and every school class regularly. Attendance means presence in the classroom on time (no tardies) and completion of the work assigned.(Absences are only allowed if there is an acceptable excuse);

_∧_    4.    Attend Saturday or mandatory classes requested by the school in order to complete required assignments or required hours, including tutorial classes;

_∝_    5.    Complete _20_ hours of community service as ordered by the Court and submit the record of hours to the Court signed by person supervising such community service; _w/in_

6.   Withdraw from the school where currently enrolled and then enroll and attend a preparatory class for the high school equivalency examination as provided under the Texas Education Code (Proof of enrollment and completion must be provided to the Court.);

X   7.   Attend the following program(s) the Court deems to be in the best interest of the Defendant:

   X  Alcohol abuse program through _____
   X  Drug abuse program through _____
   X  Classes for students at risk of dropping out of school (parents or legal guardian(s) must attend) through_____
   X  Counseling services through_____

Attendance means being present at all sessions until the program is completed. Written proof must be furnished to the Court;

X   8.   Defendant's driver's license is suspended in accordance with section 54.042 of the Texas Family Code. If said Defendant does not have a license or permit, future issuance of such license or permit is denied in accordance with section 54.042 of the Texas Family Code. No enrollment form shall be issued by school officials without prior written approval of the Court;

X   9.   Comply with school officials regarding class schedule and class/program placement, including any testing required for evaluations;

X   10.   Arrive at school accompanied by parent(s)/guardian(s) or adult authorized by parent(s)/guardian(s) and be walked to appropriate classroom requested by school official(s);

X   11.   Furnish a signed doctor's statement for any illness, which results in absence;

X   12.   Report to school nurse for evaluation of illness, which could result in absence;

X   13.   Abide by curfew set at _6:00_ P.M. on nights prior to school day and set at _6:00_ on other nights. All outside activities must have parental/guardian approval with information on even, location of event, beginning and ending times of event, names, addresses and phone numbers of companions being given to parent(s)/guardian(s). Exceptions are school/work related activities, family activities with parent(s)/guardian(s) present, or occasional outside activity approved by parent(s)/guardian(s);

No.  CR02-0295J4

THE STATE OF TEXAS                           IN THE JUSTICE COURT

vs.                                                    PRECINCT 4

ASHLEY GENEVIEVE WALDEN                  HAYS COUNTY TEXAS

### CONFINEMENT ORDER

On the 2nd day of December, 2002 this Court
entered a finding of guilty in this matter and fine and costs were
assessed. The Defendant was allowed to discharge the fine and costs by one
of the following methods:

() Paying the fine and costs within  days of the judgment;

() Paying the fine and costs through a scheduled payment agreement;

() Defendant was found to be indigent and was allowed an alternative
sentence of community service;

(X) Defendant agreed to comply with specific terms of deferred
adjudication;

() Defendant agreed to complete the Driving Safety Course.

() Defendant was advised of his right to pay the fine and costs at some
later date and subsequently waived such right and requested imprisonment in
jail for a sufficient length of time to discharge the full amount of the
fine and costs.

This Court finds that the Defendant has wholly failed to satisfy the
above requirements. A hearing was set on **JANUARY 8, 2003** and notice was
Defendant to show cause why the Defendant has failed to meet the
obligations in this matter. Based on the testimony and evidence to the
Court, the Court finds as follows:

() Defendant failed to appear and answer for the failure to satisfy the
above referenced case or to show cause why he has not satisfied the
requirement of the above referenced case.

(X) Defendant did appear and this Court, pursuant to the findings
attached hereto, that the Defendant is not indigent, and although allowed
time to satisfy this matter has neglected or willfully refused to make
sufficient bona fide efforts to pay or seek employment or borrow the money
to pay the fine and costs to this Court.

(X) Defendant did appear, but has failed or refused to perform such
alternative sentence. The Court therefore, finds that the alternative
sentences are not adequate to meet the State's interest in punishment and
deterrence.

IT  IS THEREFORE ORDERED  that the Defendant be confined until such  time
as  the fines and costs assessed in the amount of $10550.00 have been  fully
discharged  in accordance with Art.  45.048 CCP at the rate of $100.00  per
day  for each 24 hours of commitment, or until otherwise discharged by full
payment.

DATED this the 10th day of January, 2003.

Rex G. Baker I I I
Justice of the Peace
Hays County, Texas

# AFFIDAVIT

State of _Texas_

County of _Hays_

) 
) SS
)

I, Ashley Walden, hereinafter Affiant, do state by first hand knowledge under penalty of perjury under the laws of the United State of America, that this Affiant's attached statement is true and correct.

Further Affiant sayeth nought.

_Ashley Walden_

## Notary Statement

State of _Texas_

County of _Hays_

On the _29_ day of _April_, 2003 AD before me appeared

)
)
)

## JURAT

Personally known to me, or presented satisfactory evidence to be the party whose name s sworn to and subscribed to the above instrument.

Witness my hand and seal.

Notary Signature: _Pennie Klein_

My Commission Expires _11_ / _14_ / _06_



April 29, 2003


To Whom It May Concern:

At any time I have never been advised that I had a right to legal counsel or read my Miranda rights.

I was put on probation for leaving the high school at my scheduled lunch time. Judge Rex Baker said I was subject to drug testing. Upon receipt of the results of the drug test which he administered ,he sentenced me to a weekend of jail time in the Hays County jail in San Marcos, Texas. Because of the jail time I got kicked off my high school softball team for three weeks. I was unable to attend any practice or game. This caused a lot of distress to me in many ways. It was very humiliating for me to even attend school as well as seeing my whole team without being able to participate. The judge called me in for another drug test. Again, with the results he assigned punishment from the court as "house arrest" (no extra-curricular activities such as not attending Senior Prom, Project Graduation on the night of graduation, nor attending of the senior "Mr. Tiger Pageant" for which I was to escort one of the Mr. Tiger participants, curfew of 6:00 pm at my home and driving only to work and school).   I have also been voted "most beautiful" by my senior class which will be recognized at the Senior Prom and I will not be able to attend or receive the award. The results of the drug test were released to the High School and I have been permanently kicked off the softball team. Our team won our district and is continuing in the State playoffs and I cannot participate. I am the catcher and played in all games through the District finals. This has caused more hurt and suffering than anything in my life. It is the hardest thing I have ever had to deal with. It makes me feel inadequate and helpless as a student and a player. It also ruins my chances for any of my scholarship opportunities.

Sincerely,

Ashley Walden